UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>NIKOLAI DMITRIEVITCH TERLETSKY,<br><br>    Defendant. | CASE NO. CR16-0080-RSM<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

## I. INTRODUCTION

This matter comes before the Court on Defendant Nikolai Terletsky's Motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1). Dkt. #130. Defendant requests that the Court reduce his sentence due to the global COVID-19 pandemic and the risks it poses to him, family circumstances, and the length and conditions of his confinement. Plaintiff United States of America ("the Government") opposes Defendant's motion. Dkt. #137. The Court finds oral argument unnecessary to rule on this motion. LCrR 12(b)(12). Having considered the Motion, the Government's Response, and the remainder of the record, the Court DENIES Mr. Terletsky's motion for compassionate release.

//

//

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 1

## II. BACKGROUND

Mr. Terletsky is a 31-year-old inmate confined at Reeves I Correctional Institution ("Reeves") in Texas.[1] On March 23, 2016, a Grand Jury charged Mr. Terletsky and five other defendants with offenses related to a drug smuggling operation between the United States and Canada. Dkt. #1. Defendant was charged with one count of conspiracy to distribute controlled substances, 21 U.S.C. §§ 841(a)(1), (b)(1)(A); 846, and one count of distribution of cocaine, 21 U.S.C. § 841(a)(1), (b)(1)(A). Defendant was arrested in Canada on April 26, 2018 and contested extradition until July 23, 2019, when he surrendered to U.S. authorities at the United States/Canadian border. Dkt. #69. On September 5, 2019, Defendant entered a guilty plea to Count 1 of the indictment for conspiracy to distribute controlled substances. Dkt. #49. On January 10, 2020, this Court sentenced Mr. Terletsky to the mandatory minimum of ten years in prison. Dkt. #79.

Over the past months, public understanding of the COVID-19 virus and its risks to inmates and staff at Bureau of Prison ("BOP") facilities has continued to expand. The U.S. Centers for Disease Control and Prevention ("CDC") has advised that certain populations are at heightened risk of severe complications and/or death if they contract COVID-19. *See* U.S. Ctrs. for Disease Control and Prevention, *Coronavirus Disease 2019-COVID*, *People with Certain Medical Conditions,* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated February 22, 2021) ("CDC Guidelines").[2] This includes

---

[1] At sentencing, the Court recommended treaty transfer to Canada. Dkt. #79. However, in her letter to the Court, Mrs. Terletsky claims that transfers have been pushed back due to the COVID-19 pandemic and that Defendant's current placement has failed to initiate the transfer process. Dkt. #135 at 2.

[2] Pursuant to Fed. R. Evid. 201(c)(1), the Court takes judicial notice *sua sponte* of public records related to the COVID-19 health crisis, including documents available through government agency websites. *Gustavson v. Wrigley Sales Co.*, No. 12-CV-01861-LHK, 2014 WL 60197, at *3 (N.D. Cal. Jan. 7, 2014).

individuals over the age of 65, those in nursing homes or long-term care facilities, and those with "certain underlying medical conditions." *Id.* Particularly concerning are chronic lung diseases such as chronic obstructive pulmonary disease, serious heart conditions, obesity, Type 2 diabetes, chronic kidney disease, cancer, sickle cell disease, and weakened immune system due to a solid organ transplant.[3] The CDC revised its guidance on July 17, 2020 to reflect that certain underlying conditions such as moderate-to-severe asthma and high blood pressure "*might* increase risk to better reflect the quality of available data currently." *Id.* (emphasis in original).

In response to public health officials' warnings about the spread of COVID-19 and the risk of severe complications in certain populations, the U.S. Attorney General has issued guidance to the Director of the BOP recommending a reduction in prison populations. *Memorandum from the Attorney General to the Director of Bureau Prisons*, (March 26, 2020), https://www.justice.gov/file/1262731/download. The Attorney General advises that the reduction should be accomplished by transferring non-violent, vulnerable, and elderly inmates posing a minimal likelihood of recidivism to home confinement. *Id.* At Reeves, there are currently 0 inmates with positive tests, 0 inmate deaths, and 20 inmates designated as "recovered." *See* Federal Bureau of Prisons, *Covid-19 Cases*, https://www.bop.gov/coronavirus/index.jsp (last visited February 22, 2021).

On May 26, 2020, Mr. Terletsky filed a 28 U.S.C. § 2255 petition to vacate, set aside, or correct sentence by a person in federal custody. *See Terletsky v. United States*, C20-794-RSM, Dkt. #1. The motion claimed ineffective assistance of counsel and requested modification of his term of imprisonment to home confinement in light of the COVID-19 pandemic. The Court denied

---

[3] The CDC also identifies other conditions causing a weakened immune system that *may* increase one's risk for severe illness, including blood or bone marrow transplant, HIV, use of corticosteroids, or use of other immune weakening medicines. CDC Guidelines, *supra*.

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 3

Mr. Terletsky's motion and noted that even if it were to liberally construe his filing as a request for compassionate release under 18 U.S.C. § 3582, Defendant had failed to exhaust his administrative remedies as required under the provision.

On October 4, 2020, Defendant submitted an administrative request to the Bureau of Prisons ("BOP") for release due to COVID-19. Dkt. #130 at 90. Defendant did not receive a response from BOP. Proceeding pro se, Defendant filed a Motion for Compassionate Release with this Court on January 25, 2021. *Id*. The Court granted a time extension for the Federal Public Defender to determine if counsel should be appointed for Mr. Terletsky pursuant to General Order 03-19. Dkt. #133. No counsel was appointed, and Defendant's motion is now ready for consideration.

## III.  DISCUSSION

### A. Legal Standard

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are governed by 18 U.S.C. § 3582(c). Previously, district courts could "reduce the term of imprisonment" only "upon motion of the Director of the Bureau of Prisons." However, amendments contained in the First Step Act of 2018, effective on December 21, 2018, further allowed district courts to act "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, . . . ." 18 U.S.C. § 3582(c)(1)(A). Since

more than thirty days has lapsed since his administrative request, parties agree that Mr. Terletsky has satisfied his administrative remedies. Dkt. #137 at 6.

No matter how the issue comes before the Court, the Court must find that "extraordinary and compelling reasons warrant" a sentence reduction and that a "reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The Sentencing Commission's policy statements specify that a sentence should be reduced only where a district court concludes, "after considering the factors set forth in 18 U.S.C. § 3553(a)," that "[e]xtraordinary and compelling reasons warrant the reduction," and that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." United States Sentencing Guidelines ("USSG") § 1B1.13. Given that Mr. Terletsky is 31 years old, only sections (1)(A), (2), and (3) of the Sentencing Commission's policy statement are relevant to his motion. Thus, under the policy statement, Mr. Terletsky is entitled to relief if he demonstrates that (1) extraordinary and compelling reasons warrant a sentence reduction, (2) he is not a danger to the safety of others or the community, and (3) any requested reduction is consistent with the policy statement. *See* USSG § 1B1.13(1)(A), (2), (3).

The Sentencing Commission provides further guidance on circumstances that may support a finding of "extraordinary and compelling reasons." In relevant part, the guidance states:

> (A) Medical Condition of the Defendant.
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—

> (I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> . . .
>
> (C) Family Circumstances.
> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons. As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivision (A) through (C).

USSG § 1B1.13 cmt. n.1(A).[4]

Because USSG § 1B1.13 has not been updated since the passage of the First Step Act, district courts nationwide are split on the issue of whether the Commission's list of "extraordinary and compelling reasons" is exclusive and binding on courts. *See, e.g.*, *United States v. Rodriguez*, No. 17-cr-00021-WHO-1, 2019 WL 6311388, at *7 (N.D. Cal. Nov. 25, 2019) ("This court follows the growing number of district courts that have concluded that, in the absence of applicable policy statements, courts can determine whether any extraordinary and compelling reasons other than those delineated in USSG § 1B1.13 cmt. n.1(A)-(C) warrant compassionate release.") (internal quotation marks omitted)). Consistent with the reasoning in *Rodriguez*, several courts in this district have concluded that "the comments to USSG § 1B1.13 do not constrain the Court in

---

[4] The application note also provides that a finding of "extraordinary and compelling reasons" may be premised on the age of the defendant. USSG 1B1.13 cmt. n.1(B).

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 6

evaluating whether the grounds for release articulated by defendant are 'extraordinary and compelling,' but they do provide helpful guidance." *United States v. Powers*, No. CR15-166 TSZ, 2020 WL 3605748, at *1 (W.D. Wash. July 2, 2020); *see also United States v. Locke*, No. CR18-0132 RAJ, 2020 WL 3101016, *4 (W.D. Wash. June 11, 2020) ("[T]his Court agrees with the position taken by numerous courts that the 'old policy statement provides helpful guidance, [but] . . . does not constrain [a court's] independent assessment of whether 'extraordinary and compelling reason' warrant a sentence reduction under § 3852(c)(1)(A)."); and *United States v. Grubbs*, No. CR 16-228TSZ, 2020 WL 3839619, at *1 & *2 n.2 (W.D. Wash. July 8, 2020). The Court reaches the same conclusion here that the comments to USSG § 1B1.13 are not exclusive, but nevertheless provide useful guidance.

Defendant bears the burden of establishing that extraordinary and compelling reasons exist that justify compassionate release. *Riley v. United States*, No. C19-1522 JLR, 2020 WL 1819838, at *7 (W.D. Wash. Apr. 10, 2020). Over the past months, faced with the rapid spread of COVID-19 through the country's prison systems, many courts have determined that the USSG's "medical condition" criteria are not well-suited to addressing the risk of serious illness or death from COVID-19. As a result, courts in this district have considered one or more of the following factors when evaluating a compassionate release request based on the threat COVID-19: (i) whether the inmate is at higher risk because of his or her age and/or race; (ii) whether the inmate has one or more, medically-documented, chronic health conditions that render him or her more vulnerable to COVID-19; (iii) the fatality rate for individuals with similar health conditions as compared with the overall fatality rate for COVID-19; (iv) whether the inmate has previously tested positive for the coronavirus that causes COVID-19 and, if so, whether the inmate suffers from any long-term effects of the disease; and (v) whether the inmate's release is expected to reduce the risk of him or

her contracting COVID-19. *Powers*, 2020 WL 3605748, at *2 (W.D. Wash. July 2, 2020) (collecting cases). Given the "catch-all" provision of the Commission's application notes, *see* USSG § 1B1.13, cmt. n.1(D), as well as the non-binding status of the comments to USSG § 1B1.13, the Court has discretion to consider the above factors. *Id.*

**B. Extraordinary and Compelling Circumstances**

Mr. Terletsky is 31 years old. He alleges no underlying health conditions that would elevate his risk of suffering severe illness from COVID-19, and his presentence report states that he is in good health with no history of health issues. Dkt. #69 at 7. His arguments for release generally fall under three categories: (1) conditions at Reeves and prisons across the county during the COVID-19 pandemic are dangerous; (2) family circumstances warrant release; (3) the mandatory 10-year minimum sentence should not have applied to his case; and (4) because he is a non-citizen, the length and conditions of his confinement are unduly punitive. Dkt. #130 at 12-57. The Government opposes Defendant's request on the basis that he has provided no extraordinary or compelling reasons to reduce his sentence. Dkt. #137. Having considered these factors, the Court concludes that Mr. Terletsky has failed to meet his burden to show that extraordinary and compelling circumstances warrant a sentence reduction.

i. <u>Conditions at Reeves and Prisons across the U.S.</u>

First, Defendant argues that the conditions at Reeves with respect to COVID-19 precautions, including lack of social distancing, inadequate ventilation, and poor health services, warrant Defendant's release to protect him from COVID-19. Dkt. #130 at 15-20. Defendant also claims that U.S. attorneys around the country have filed responses to compassionate release motions that minimize the risk that COVID-19 poses to inmates. *Id.* at 21-24.

Mr. Terletsky's argument that general conditions at Reeves warrant release is unavailing. Courts have consistently rejected such generalized arguments as a basis for compassionate release. *See Riley*, 2020 WL 1819838, at *7 (Concluding that "extraordinary and compelling" circumstances are not satisfied by "the mere elevated risk of contracting a pandemic virus in prison, even if such a higher risk exists."); *see also United States v. Bolden*, No. CR16-320-RSM, 2020 WL 4286820, at *7 (W.D. Wash. July 27, 2020) ("[W]hile the Court does not discount the dangers associated with COVID-19 at a facility like Terminal Island, general conditions that affect inmates indiscriminately throughout the prison are insufficient to support an individual defendant's claim for compassionate release."). Accordingly, Defendant's argument that the general conditions at Reeves are dangerous does not support compassionate release under 18 U.S.C. § 3582.

  ii. <u>Family Circumstances</u>

Mr. Terletsky also claims that his family circumstances merit compassionate release due to the fact that his five-year-old daughter, his wife, and his mother want Defendant to be reunited with his family, need the financial support he can provide by returning to his family, and worry about his safety while he is incarcerated. Dkt. #130 at 12-14. The Sentencing Commission's application notes provide that "extraordinary and compelling reasons" for a sentence reduction exist due to: "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." USSG § 1B1.13 cmt. n.1(C). While Mr. Terletsky explains that his mother is elderly and suffering from a stroke that left her disabled, he does not claim that either the caregiver of his daughter or his spouse are incapacitated. Dkt. #130 at 13-14. Accordingly, Mr. Terletsky's family circumstances do not constitute extraordinary and compelling reasons for compassionate release.

### iii. Mandatory Minimum

Mr. Terletsky also argues that he should be released because the mandatory ten-year sentence imposed on him was intended by Congress for drug kingpins, not individuals like Defendant, and was unfairly imposed on him in retaliation for his lack of cooperation with the Government. Dkt. #130 at 25-31.

As an initial matter, Defendant's challenge to the length of his sentence is not properly raised in a motion for compassionate release. While a direct appeal or a collateral attack under the habeas statutes may challenge the validity of a defendant's conviction or sentence, a motion under Section 3582(c) considers whether there are extraordinary and compelling reasons to modify the imposed sentence. *Compare* 28 U.S.C. § 2255(a) *with* 18 U.S.C. § 3582(c).

Furthermore, Defendant previously raised this argument in his § 2255 habeas motion, wherein he claimed ineffective assistance of counsel. Specifically, he claimed that his attorney failed to advocate for application of the safety valve and failed to address the sentencing disparity between his sentence and those of his co-defendants. *See Terletsky*, C20-794RSM, Dkt. #1 at 5-7; Dkt. #7 at 8-9. The Court considered and rejected Defendant's argument, finding that the record reflected that he was not eligible for safety-valve relief and was therefore subject to the ten-year statutory minimum "regardless of his counsel's advocacy." *Terletsky*, C20-794RSM, Dkt. #10 at 6-7. The Court further explained that the ten-year mandatory minimum, which was recommended by the Government, the Defense, and U.S. Probation, removed the Court's discretion to sentence Defendant to less than ten years. *Id.* at 7. For these reasons, Mr. Terletsky's argument that the ten-year mandatory minimum should not have applied is not an "extraordinary and compelling" circumstance warranting compassionate release.

### iv. Confinement as a Non-Citizen
ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 10

Mr. Terletsky also argues that because he is not a U.S. citizen and will be deported to Canada upon release, the conditions and length of his confinement are unfairly harsh. Dkt. #130 at 31-33. Specifically, he argues that if not for his alienage, he "would be serving 66% of his sentence with the application of the [First Step Act]" and that he is not eligible for early release upon completion of a drug treatment program. *Id.* In support of his proposition that the "collateral consequences" of his immigration status warrant release, he cites Eighth Circuit case *United States v. Lopez-Salas*, 266 F.3d 842, 845 (8th Cir. 2001)).

*Lopez-Salas* and Defendant's arguments regarding the collateral consequences of his alien status are inapposite here, given that the Court is not considering an appeal or collateral challenge to Defendant's sentence. *Cf. Lopez-Salas*, 266 F.3d at 845 (Reviewing district court's decision to depart downward from the sentencing guidelines under 18 U.S.C. § 3553(b)). Rather, Defendant has filed a motion for compassionate release. As explained above, a motion under 18 U.S.C. § 3582(c) only considers whether extraordinary and compelling reasons warrant a sentence reduction. It is not the proper mechanism for challenging the conviction or sentence itself. Accordingly, Defendant's arguments regarding the harshness of his sentence due to his non-citizen status do not support his motion for compassionate release.

**C. Dangerousness and Reduction Consistent with USSG Policy Statement**

Having found that that Defendant has failed to demonstrate extraordinary and compelling reasons warranting release, the Court need not consider whether he poses a danger to the community, or if a sentence reduction would be consistent with the Sentencing Commission's policy statement. *See* 18 U.S.C. §§ 3582(c)(1)(A), 3553(a); USSG § 1B1.13.

**D. Other Bases for Relief**

In addition to the arguments Defendant raises in support of his Section 3582(c) motion for compassionate release, Defendant has cited several other bases for relief that the Court will address herein. For the reasons set forth below, none of these provisions are applicable here.

First, Defendant moves for release on the basis that the length and conditions of his confinement violate due process, the Eighth Amendment, and equal protection of the law. Dkt. #130 at 19. These claims are properly raised in petitions for habeas corpus or a civil rights action—not a motion for compassionate release. *See* 28 U.S.C. §§ 2241, 2255; *see also Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) ("Motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."). Mr. Terletsky has already brought a habeas petition under Section 2255 that was considered and denied by the Court. *See Terletsky*, C20-794RSM, Dkt. #10. For that reason, any subsequent motion Defendant brings under Section 2255 is subject to the limitation on successive petitions. *See* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ."). Furthermore, to the extent the Court may liberally construe his motion as a petition under 28 U.S.C. § 2241, the statute requires that such claims be brought in the district where the Defendant is serving his sentence. *Hernandez*, 204 F.3d at 865. Because he is serving his sentence in Texas, jurisdiction for a Section 2241 petition is not proper in this Court.

Defendant also moves for relief under 8 U.S.C. § 1231(a)(4). Dkt. #130 at 1. Section 1231(a)(4) provides that the Attorney General may remove a non-violent offender prior to completion of their sentence where "removal of the alien is appropriate and in the best interest of the United States." 8 U.S.C. § 1231(a)(4)(B). This provision applies to the executive branch, not

the judiciary, and provides no authority for this Court to order Defendant's removal or reduce his sentence. *See* 8 U.S.C. § 1231(a)(4)(D) ("No cause or claim may be asserted under this paragraph against any official of the United States . . . to compel the release, removal or consideration for release or removal of any alien."). Defendant acknowledges that Section 1231 grants authority to the U.S. Attorney General, not the judiciary, but contends that the Court may consider "order[ing] the Attorney General to do so by submitting a request in writing." Dkt. #130 at 2. While not entirely clear, Defendant appears to be referencing 8 U.S.C. § 1231(a)(4)(B)(ii), which provides that aliens in state custody may be ordered removed if the "chief State official exercising authority with respect to the incarceration" submits a written request to the Attorney General. This provision appears inapplicable to Defendant, who is not held in state custody.

Lastly, Defendant cites to 11 U.S.C. § 191103 as a basis for this Court's authority to reduce his sentence. Dkt. #130 at 7. While Title 11 of the U.S. Code refers to bankruptcy, 11 U.S.C. § 191103 is not a cognizable provision of the U.S. Code.

### IV.  CONCLUSION

Having reviewed Defendant's Motion, the Government's Response, and the remainder of the record, Defendant has not met his burden demonstrating that extraordinary and compelling reasons exist to grant compassionate release. Furthermore, none of the other authorities cited by Defendant or liberally construed from his motion provide a basis for relief from this Court. Accordingly, Mr. Terletsky's motion for compassionate release, Dkt. #130, is DENIED.

//

//

//

//

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 13

IT IS SO ORDERED.

Dated this 25th day of February, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE